UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NO. CR03-5259 FDB |
| Plaintiff, | ) | |
| | ) | |
| | ) | ORDER DENYING MOTION FOR |
| | ) | CREDIT FOR PRIOR CUSTODY |
| CHARLES FARNSWORTH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's motion for credit for prior custody pursuant to 18 U.S.C. § 3585(b). The Court, having reviewed the motion, response of the United States, and the record, is fully in formed and denies the motion for the reasons that follow.

**Introduction and Background**

Defendant Farnsworth was originally convicted in the District Court of Utah as a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 120 months of imprisonment to be followed by 36 months of supervised release. Defendant's supervised release began on August 16, 2002, and his supervision transferred to this District on April 6, 2003. On March On March 9, 2004, while on supervised release, Farnsworth committed an armed robbery. On the following day, Defendant committed a second armed robbery. He was subsequently charged in Pierce County Superior Court

with two counts of Robbery in the First Degree under Washington State law. On September 30, 2004, following a bench trial, he was convicted of both robberies. The Superior Court sentenced Farnsworth to 68 months of imprisonment on each count to be served concurrently. Following an appeal, the sentence apparently was reduced to 61 months.

Defendant now alleges that he did not receive proper credit for time served in state custody on these offenses and requests this Court to credit the 33 days that he claims he should have received toward the 24-month sentence imposed by this Court following the revocation of his term of supervised release.

## Lack of Jurisdiction

District courts do not have 'inherent authority' to reconsider sentencing orders. United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999). Instead, the Court's authority to modify a term of imprisonment is constrained by 18 U.S.C. § 3582(c), which provides in pertinent part (emphasis added):

> (c) Modification of an imposed term of imprisonment.- the court may not modify a term of imprisonment once it has been imposed except that-
> (1) in any case-
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment ... if it finds that-
> (I) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, .. and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community....;
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> (2) in the case of a defendant who has been sentenced to a term of

1  imprisonment based on a sentencing range that has subsequently been lowered by the Sentenc

2  the Bureau of Prisons, or on its own motion, the court may reduce the term of

3  imprisonment....

By the terms of 18 U.S.C. § 3582(c), the Court is prohibited from modifying a term of imprisonment once it has been imposed unless one of the enumerated exception applies. See <u>United States v. Penna</u>, 319 F.3d 509, 511 (9th Cir. 2003). The first circumstance provides that the Court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(I). This exception is inapplicable to Defendant because he, rather than the Director of the Bureau of Prisons, has brought this motion. See <u>United States v. Smartt</u>, 129 F.3d 539, 541 (10th Cir. 1997).

The second exception, 18 U.S.C. § 3582(c)(1)(B), provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." This exception does not require a motion to be brought by the Director of the Bureau of Prisons. However, the Court is aware of no other statute that would expressly permit this Court to modify Defendant's term of imprisonment, and Defendant has not provided any. The rule applies only in very narrow circumstances and does not permit a court to simply reverse its decision about an appropriate sentence. <u>United States v. Penna</u>, 319 F.3d 509, 512 (9th Cir. 2003). Federal Rule of Criminal Procedure 35 permits the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing. Fed. R. Crim. P. 35(a). This exception does not apply at this late date. Nor does Rule 35(b), which provides that the government may move for a reduction of sentence when a defendant has provided substantial assistance to the government. Fed. R. Crim. P. 35(b). The government has not so moved, and Defendant does not claim to have provided any such assistance.

Finally, the exception provided in 18 U.S.C. § 3582(c)(2) does not apply, as that

section permits a reduction in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2), by its own terms does not apply.

Defendant refers to 18 U.S.C. § 3585(b) as authorizing credit for prior custody. That provision provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he had spent in official detention prior to the date the sentence commences-
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which th defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

Credit for time served is a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b). United States v. Wilson, 503 U.S. 329, 332-36 (1992). As the Court in Wilson explained, "[a]fter a District Court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence." Wilson, at 335. Such language presumes that the District Court will first sentence the offender--applying the relevant Sentencing Guidelines--before credit determinations shall be made by the Bureau of Prisons. See U.S. v. Checchini, 967 F.2d 348 (9th Cir. 1992).

In this case, Defendant has not filed any administrative remedies related to his claim during his incarceration. The computation of a prisoner's length of confinement, however, is the type of case in which the exhaustion requirement is appropriate. See Chua Han Mow v. United States, 730 F.2d 1308, 1313-14 (9th Cir. 1984). Only after he has pursued and exhausted his administrative remedies should any court entertain the argument he presents, and that argument must be presented in a motion under 28 U.S.C. § 2241. A petition for relief under 28 U.S.C. § 2241, by the terms of the statute, must be filed in the District where the prisoner is confined. Thus, Defendant Farnsworth can pursue that

remedy only in the Central District of California because he is confined at Lompoc.

**Conclusion**

For the above stated reasons, Defendant's request for credit for time served fails.

ACCORDINGLY;

IT IS ORDERED:

Defendant's motion for credit for prior custody [Dkt. # 64] is **DENIED**.

DATED this 27th day of October, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE